# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER SWARTZ, individually and on behalf of all persons similarly situated, | Case No. 2:24-cv-10018 |
| Plaintiff, | Judge Brandy R. McMillion |
| vs. | Mag. Judge David R. Grand |
| NEXT NET MEDIA, LLC, d/b/a The Hoth; CLEARVIEW CAPITAL, LLC,[1] | |
| Defendants. | |

| | |
|---|---|
| James E. Goodley (PA Bar 315331) <br> Ryan P. McCarthy (PA Bar 323125) <br> GOODLEY MCCARTHY LLC <br> 1650 Market Street, Suite 3600 <br> Philadelphia, PA 19103 <br> 215.394.0541 <br> james@gmlaborlaw.com <br> ryan@gmlaborlaw.com <br><br> *Attorneys for Plaintiff* | Andrea M. Kirshenbaum (PA 88030) <br> Jennifer N. Capozzola (PA 87204) <br> LITTLER MENDELSON, P.C. <br> Three Parkway <br> 1601 Cherry Street, Suite 1400 <br> Philadelphia, PA 19102.1321 <br> 267.402.3000 <br> akirshenbaum@littler.com <br> jcapozzola@littler.com <br><br> Neil B. Pioch (P67677) <br> LITTLER MENDELSON, P.C. <br> 500 Woodward Ave., Suite 2600 <br> Detroit, MI 48226 <br> 313.202.3180 <br> npioch@littler.com <br><br> *Attorneys for Defendants* |

## DEFENDANTS' REPLY BRIEF
## IN SUPPORT OF THEIR MOTION TO DISMISS

---

[1] Clearview Capital, L.P. ("Clearview") is incorrectly named in the caption as Clearview Capital, LLC

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................1

II. CLEAR & UNMISTAKABLE DELEGATION OF ARBITRABILITY. ..........2

III. ANY AMBIGUITIES RESOLVED IN FAVOR OF ARBITRATION.............3

IV. THE CLASS ACTION WAIVER IS ENFORCEABLE. ...................................6

V. ALLEGATIONS AGAINST CLEARVIEW ARE INSUFFICIENT. ................7

VI. CONCLUSION.................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Blanton v. Domino's Pizza Franchising LLC*,
    962 F.3d 842 (6th Cir. 2020) ..................................................................................2

*Chaudhri v. StockX, LLC*,
    19 F.4th 873 (6th Cir. 2021) ...................................................................................2

*Club Mediterranee S.A. v. Fitzpatrick*,
    162 So. 3d 251 (Fla. 3rd DCA 2015)......................................................................5

*Dewees v. Johnson*,
    329 So. 3d 765 (Fla. 4th DCA 2021)......................................................................5

*Figueredo-Chavez v. Rci Hosp. Holdings, Inc.*,
    2022 U.S. Dist. LEXIS 33071 (S.D. Fla. Jan. 6, 2022).........................................7

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
    139 S. Ct. 524 (2019)..........................................................................................2, 3

*Lamps Plus, Inc. v. Varela*,
    139 S. Ct. 1407 (2019).......................................................................................4, 5

*Morgan v. Sundance, Inc.*,
    142 S. Ct. 1708 (2022)............................................................................................4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983)...............................................................................................4, 5

*Rent-A-Center, W., Inc. v. Jackson*,
    561 U.S. 63 (2010)............................................................................................2, 3

*Robinson v. Anytime Rentals, Inc.*,
    2015 U.S. Dist. LEXIS 91957 (M.D. Fla. Feb. 20, 2015)....................................6

*Rogers v. 3Bear Energy, LLC*,
    2023 U.S. Dist. LEXIS 179873 (D.N.M. Oct. 4, 2023) .......................................7

# TABLE OF AUTHORITIES
(CONTINUED)

**Page(s)**

*Saunders v. St. Cloud 192 Pet Doc Hosp., LLC*,
    224 So. 3d 336 (Fla. 5th DCA 2017) ..................................................................5, 6

*Teamsters Local Union 480 v. United Parcel Serv., Inc.*,
    748 F.3d 281 (6th Cir. 2014). ..............................................................................1

**Statutes**

Fair Labor Standards Act, 29 U.S.C. § 1, *et seq.* ........................................................6

Federal Arbitration Act, 9 U.S.C. §§ 3, 4 ..................................................................1

**Other Authorities**

American Arbitration Association, Rule 6a ..............................................................3

Fed. R. Civ. P. 12(b)(6) ............................................................................................1

I.  **INTRODUCTION**

Although she tries, Plaintiff cannot ignore that she entered into an Arbitration Agreement that clearly and unmistakably **"applies to any dispute or controversy arising out of or related to [her] engagement with [Next Net]."** ECF No. 1-2, PageID.30. Yet, despite the breadth of this language, Plaintiff nonsensically argues that the Arbitration Agreement does not apply to her wage claims, contending that it only "comes into play" to enforce the terms of the Independent Contractor Agreement ("IC Agreement"). Plaintiff is wrong, but at any rate, the gateway issue of arbitrability is for the arbitrator and not this Court to decide.

Plaintiff ignores Supreme Court precedent on the issue of arbitrability, contending that purported "ambiguities" must be resolved against Next Net. Even if the Court did not delegate this issue to the arbitrator, the Supreme Court has held that if ambiguities exist (they do not), **doubts must be resolved in favor of arbitration**. Accordingly, dismissal is appropriate under 9 U.S.C. §§ 3, 4.[2] In the alternative, the Class Action Waiver is independently enforceable, requiring that if this case stays in court (it should not), the Court should strike the class and collective action allegations. Finally, Clearview should be dismissed for failure state a claim.

---

[2] In the Sixth Circuit, Rule 12(b)(6) provides the vehicle to dismiss claims subject to arbitration under the FAA. ECF No. 12, PageID.84, citing *Teamsters Local Union 480 v. United Parcel Serv., Inc.,* 748 F.3d 281, 286 (6th Cir. 2014). The FAA requires a finding that by "fail[ing] to pursue arbitration," despite a mandatory arbitration provision, a plaintiff has "failed to state a claim." *Id.*

## II. CLEAR & UNMISTAKABLE DELEGATION OF ARBITRABILITY.

Despite Plaintiff's effort to bury the lead, the **threshold** question here is did the parties "agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes"? *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019); *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) (stating "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether…their agreement covers a particular controversy."). The answer is a resounding yes.

If clear and unmistakable evidence exists that a parties' agreement delegates arbitrability, a court "may not override the contract [because it] **possesses no power to decide the arbitrability issue.** That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein*, 139 S. Ct. at 529 (emphasis added). Where, as here, an arbitration agreement incorporates the American Arbitration Association Rules, the Sixth Circuit has held there is "'clear and unmistakable' evidence that the parties agreed to arbitrate 'arbitrability'" because the AAA Rules "clearly empower an arbitrator to decide questions of 'arbitrability'—for instance, questions about the scope of the agreement." *Chaudhri v. StockX, LLC*, 19 F.4th 873, 879 n.2 (6th Cir. 2021) (quoting *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 845-46 (6th Cir. 2020) (collecting cases of ten other circuits holding same)).

2

Here, the parties "clearly and unmistakably" agreed to delegate arbitrability, when stating that "any dispute or controversy…arising out of, relating to, or concerning the validity, enforceability or breach of [the Arbitration Agreement], shall then be resolved by binding arbitration **in accordance with the AAA Rules then in effect**…." ECF No. 1-2, PageID.30 (emphasis added). Rule 6a of the AAA Rules states that, "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration." AAA Emp. Arb. Rules & Mediat. Proced., R.6 (2023)." Accordingly, unless [Plaintiff] challenged the delegation provision specifically, we must treat it as valid under § 2, and must enforce it under §§ 3 and 4…" *Rent-A-Center*, 561 U.S. at 72. Plaintiff does not challenge the validity of the Arbitration Agreement or delegation provision. Thus, it must be enforced, and because scope is delegated to an arbitrator, this Court "may not override the contract" and has "no power" to decide what the Arbitration Agreement covers, thus requiring dismissal. *Henry Schein*, 139 S. Ct. at 529.

### III. ANY AMBIGUITIES RESOLVED IN FAVOR OF ARBITRATION.

Plaintiff also misstates Defendants' position, suggesting that they are advancing "novel rules." Nothing could be further from the truth. Rather, it is Plaintiff's interpretation of the IC Agreement and Arbitration Agreement that is convoluted and "results oriented," seeking to excise the breadth of the arbitration

3

provisions, and in their place, radically narrow them beyond all recognition. Of course, Plaintiff is not free to discard provisions in the Arbitration Agreement and avoid the consequences of her assent. And contrary to Plaintiff's contention, the Supreme Court's decision in *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022), which held that a party need not show prejudice to prove waiver of a right to arbitrate, does not change the landscape. Rather *Morgan*, holds that courts "may not make up a new procedural rule based on the FAA's 'policy favoring arbitration.'" *Id.* at 1714. Plaintiff here essentially asks for the opposite, *i.e.*, that this Court disfavor arbitration and place additional and unwarranted obstacles in its path. Defendants urge this Court to reject Plaintiff's invitation to eviscerate decades of well-settled FAA jurisprudence.

Ignoring that interpretation of the Arbitration Agreement is for the arbitrator, Plaintiff spends most of her brief arguing about the definition of "Agreement," and suggesting "ambiguities." Defendants disagree with Plaintiff's characterization of the Arbitration Agreement as ambiguous. But Plaintiff's concession is fatal to her cause as any ambiguity must be resolved in favor of arbitration. *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1419 (2019); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 42 (1983). As to Plaintiff's argument that alleged ambiguities must be resolved against Next Net (the drafter), the Supreme Court in *Lamps Plus* specifically rejected the doctrine of *contra proferentem* in the arbitration

4

context because it is inconsistent with the FAA. *Id.*

Plaintiff also cites to a series of cases for the proposition that contract interpretation under Florida law requires a nexus between the dispute and the contract containing the arbitration clause, contending that no such nexus exists here. ECF No. 15, PageID.123. As set forth in Defendants' Brief, while Defendants agree that Florida law requires a nexus (*see* ECF No. 12, PageID.93), the cases cited by Plaintiff are wholly distinguishable, and a nexus does exist here. For example, one case involves a personal injury claim by an employee related to an assault by an unknown assailant in an employer-provided dorm away from work, which the court found was not a claim or controversy "arising out of" employment. *Club Mediterranee S.A. v. Fitzpatrick*, 162 So. 3d 251 (Fla. 3rd DCA 2015). Another case involves negligence claims brought by a home buyer who fell off her bicycle outside her home, which the court found were not intended to be subject to the home purchase contract's arbitration provision. *Dewees v. Johnson*, 329 So. 3d 765 (Fla. 4th DCA 2021). In a third case, involving negligence and discrimination claims against an employer, the court found the claims did not require reference to the employment agreement to resolve. *See Saunders v. St. Cloud 192 Pet Doc Hosp., LLC*, 224 So. 3d 336 (Fla. 5th DCA 2017). That arbitration provision stated "[a]ny claim or controversy that *arises out of or relates to* **this agreement**, or the breach of it, shall be settled by arbitration…." *Id.* at 337 (bold emphasis added). This is a far

5

cry from the provision Plaintiff agreed to in the Arbitration Agreement, which **"applies to any dispute or controversy arising out of or related to [her] engagement with [Next Net]**." ECF No. 1-2, PageID.30 (emphasis added).

None of the cases cited by Plaintiff are on all fours with the facts in our case. The case that is on all fours is *Robinson v. Anytime Rentals, Inc.*, No. 2:14-cv-528, 2015 U.S. Dist. LEXIS 91957 (M.D. Fla. Feb. 20, 2015), which Defendants cite in their Brief (ECF No. 12, PageID.92-95) and Plaintiff unsuccessfully attempts to undermine. *Robinson* involves: an independent contractor agreement; Florida choice of law; broad arbitration language; FLSA claims; and a motion to compel arbitration. *Id.* Applying Florida law, the court found a "contractual nexus," explaining that plaintiff's FLSA claim "hangs on the fact that he was 'mischaracterized' as an independent contractor and thus not paid in accordance with applicable law." *Id.* at *11-12. If the Court addresses scope (which it should not), the same result should obtain here—a contractual nexus exists between Plaintiff's FLSA claims and the IC Agreement requiring arbitration.

**IV. THE CLASS ACTION WAIVER IS ENFORCEABLE.**

Plaintiff argues that because arbitration of her claims is not required, the "class/collective action waiver cannot apply to her claims (or those of putative class/collective members)." ECF No. 15, PageID.134. This Court should reject Plaintiff's argument. If the Court finds that the arbitration provisions of the

6

Arbitration Agreement do not apply (it should not reach this issue) and the case is permitted to proceed in court, the Class Action Waiver is independently enforceable and requires the case to proceed on an individual basis. Such a finding is supported by the Class Action Waiver, which states there is "no right or authority for any dispute to be brought, heard or arbitrated as a class [or] collective…proceeding." ECF. 1-2, PageID.30. Courts in other federal circuits addressing this issue have found class action waivers independently enforceable. *See, e.g., Figueredo-Chavez v. Rci Hosp. Holdings, Inc.*, 2022 U.S. Dist. LEXIS 33071, at *3 (S.D. Fla. Jan. 6, 2022); *Rogers v. 3Bear Energy, LLC*, No. 21-cv-376, 2023 U.S. Dist. LEXIS 179873, at *5-6 (D.N.M. Oct. 4, 2023) (same).

### V. ALLEGATIONS AGAINST CLEARVIEW ARE INSUFFICIENT.

Plaintiff cannot attempt to resuscitate her claim against Clearview by adding factual allegations not found in the Complaint into her Opposition. Plaintiff fails to state a claim against Clearview.

### VI. CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiff's Complaint, or, alternatively, strike the class/collective action allegations and dismiss Clearview.

April 10, 2024

Respectfully submitted,
LITTLER MENDELSON, P.C.

s/ Andrea M. Kirshenbaum
Andrea M. Kirshenbaum (PA 88030)
Jennifer N. Capozzola (PA 87204)

7

## **CERTIFICATE OF SERVICE**

I certify that on April 10, 2024, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.  *s/ Andrea M. Kirshenbaum*